IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ISHAM D. CONNER,**                                                              **PLAINTIFF,**

**VS.**                                                  **CIVIL ACTION NO. 4:10CV060-P-S**

**JAMES W. BAGGETT d/b/a 61 AUTO SALES,**
**JOHN DOES 1-10; and XYZ COPORATIONS**
**1-10,**                                                  **DEFENDANTS.**

## ORDER OF REMAND

This matter comes before the court upon the plaintiff's May 6, 2010 motion to remand [4]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff filed this automobile collision case in the Circuit Court for Sunflower County, Mississippi on June 26, 2009 - approximately 11 months ago.

The defendants removed this action to federal court a few days ago on May 4, 2010, arguing federal question jurisdiction, some 13 days before trial was scheduled to commence in State Court on May 17, 2010. The defendants argue that they first became aware of a federal claim upon receipt of the plaintiff expert Dane Maxwell's report on April 5, 2010 which contained specific allegations of violations of the Federal Motor Carrier Safety Act ("FMCSA").

The plaintiff filed his motion to remand on May 6, 2010. He argues that the removal is untimely and that he is not seeking relief for any federal claims.

Having considered the parties' arguments, the court concludes that the defendants' removal

was untimely. Title 28 U.S.C. § 1446(b) provides in pertinent part that a Notice of Removal must be filed within 30 days of an "amended pleading, motion, order or *other paper* from which it may *first* be ascertained that the case is one which is or has become removable." (emphasis added). The information supporting removal arising from "other paper" must be "unequivocally clear and certain" to start the 30-day time limit. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

The plaintiff denies that he is asserting any federal claims. Furthermore, both parties agree that there is no private cause of action for violations of the FMCSA. The plaintiff filed his expert designation of Mr. Maxwell on January 19, 2010 which clearly stated his intentions to opine on the Federal Motor Carrier Safety Act – *i.e.*, that the defendant was subject to that Act, that the defendant was in violation of multiple regulations of that Act, and that these violations caused or contributed to the Act. In their March 16, 2010 motion to dismiss in State Court, the defendants evidenced their understanding of potential federal issues when they stated that the plaintiff "failed to provide any notice that he intended to assert claims stemming from violations of the Federal Motor Carrier Safety Regulations and all related state and federal regulations until January 19, 2010."

The court finds that the defendants had "unequivocally clear and certain" notice of a potential federal question on January 19, 2010 – 100 days before their removal on May 4, 2010. Accordingly, the removal was untimely. Consequently, this court has no jurisdiction to rule on the defendants' motion to dismiss.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's May 6, 2010 motion to remand [4] is **GRANTED**; accordingly,

(2) This case is **REMANDED** to the Circuit Court of Sunflower County, Mississippi from

whence it came; and

    (3) This case is **CLOSED** with the parties to bear their own costs.

    **SO ORDERED** this the 13th day of May, A.D., 2010.

                                         /s/ W. Allen Pepper, Jr.
                                         W. ALLEN PEPPER, JR.
                                         UNITED STATES DISTRICT JUDGE